was error, it would have been cured by the testimony of the chemist who testified as to the alcoholic contents of the beer. It is now his position that since the chemist got the beer from the clerk's office, it was never definitely established as the same which the officers got from appellant's premises, and that said chemists testimony could not, therefore, be considered. We note from the testimony of Gene Eagle, a deputy sheriff, that he was with the officers when they searched the appellant's premises. That he gave Mr. Cude (the chemist) four of the bottles, part of the same beer taken from appellant. Moreover, we note, as above, that appellant admitted that the beer in the courtroom was his, and two state's witnesses aside from the chemist testified that it was intoxicating. His contention in this respect is therefore overruled.

The motion for rehearing will be overruled.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is driving an automobile on a public highway while intoxicated; the punishment, a fine of $50 and confinement in jail for five days.

The record is before us without a statement of facts or bills of exception. No question is presented for review.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## LEWIS v. STATE.

No. 19657.

Court of Criminal Appeals of Texas.

April 6, 1938.

R. L. Moulden, of McKinney, for appellant.

## BROWN v. STATE.

No. 19628.

Court of Criminal Appeals of Texas.

April 6, 1938.

McCoy & Brady, of Houston, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for burglary; punishment assessed being 12 years in the penitentiary.

No statement of facts is brought forward. The only exceptions relate to complaints of the court's charge and the re-